IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

EVERSON FLOWERS
Movant,

v.                              CASE NO.: 0:13-CR-60284-JIC-4

UNITED STATES OF AMERICA
Respondent.
_____/



## MOTION FOR RELIEF FROM JUDGMENT OR ORDER DUE TO VOID JUDGMENT PURSUANT TO THIS COURT LACKING SUBJECT MATTER JURISDICTION AND A FLAGRANT FRAUD COMMITTED UPON THIS COURT

COMES NOW, Movant Everson Flowers, respectfully moves this Honorable court to void its judgment in this case pursuant to this Court's lack Subject Matter Jurisdiction, and due to a flagrant fraud being perpetuated upon this Court. Movant Flowers states as follow:

The United States' Prosecutors filed a "falsified indictment" against Movant Flowers in violation of Fed.R.Crim.P. 6 (Grand Jury Rules of Indictment), and in violation of the United States' Constitution (Due Process). A clear fraud committed upon this court (obstruction of justice, a crime punishable by prison term). The malicious prosecutors, prosecuted Movant Flowers for a crime he is innocent of, and was never indicted for by the Grand Jury. See Dkt. #1, #2, #3, and missing Dkt. #4 thru #10. But most importantly, the carriage was put in front of the horse when Dkt # 3 showed the falsified indictment filed, Mr. Flowers was arrested @ Dkt. #13 (on November 26, 2013) even before any warrants were issued at Dkt. #28 (on December 03, 2013) thus showing the warrant was issued, and executed after Mr. Flowers had been in custody for weeks. This scenario shows on its face that fraud has been committed upon this court. Furthermore, no Grand Jury colloquy, nor certificate of concurrence were ever filed in open court. The Indictment filed @ Dkt. #3 is a falsified Indictment. Thus, clearly Movant was never indicted for any crime as required by the United States Constitution, and this Court has no Subject Matter Jurisdiction to preside over Mr. Flowers' case.

Hence, there were no "Grand Jury colloquy," no "Certificate of Concurrence," and a "fake indictment and superseding indictment," devoid of any Foreperson's signature was used (see Dkt. #3, and #144). None of the following documents were ever filed in open court because none of the following exist. The Government violated Movant Flowers' Constitutional right to Due Process when they committed this egregious fraud upon this Honorable Court. Thus, this Court never had Subject Matter Jurisdiction to prosecute, to entertain a guilty plea, or to convict Movant Flowers of any crimes.

### WAIVER OF APPEAL

Here, a waiver of appeal is irrelevant because the Court never had Subject Matter Jurisdiction to entertain any such plea agreement. Hence, all prior proceedings, Judgments, Orders, or Decrees are VOID & NULL. See "Orner v. Shalala, 30 F.3d 1307, 1308 (C.A. 10 (Colo) 1994)." "A Judgment is void if it is not consistent with Due Process of law;" Bass v. Hoagland, 172 F.2d 205, 209 (1949).

Movant Flowers, moves this Honorable Court to void its Judgment and order an immediate release of Movant from illegal incarceration, due to this Court's lack of Subject Matter Jurisdiction. Movant's claim is of a "Due Process" violation. Thus, Movant's issue can be raised at anytime (post-conviction). The Jurisdictional defect is not subject to waiver or forfeiture, and may be raised at any time in the court of first instance and on direct appeal. Kontrick, 540 U.S., at 455, 124 S. Ct. 906, 157 L. Ed. 2d 867. In contrast to the ordinary operation of {2017 U.S. LEXIS 6} our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative. Shinseki, 562 U.S., at 434, 131 S. Ct. 1197, 179 L. Ed.2d 159.

Federal Courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction may not be

waived and "may be raised at any time by a party or by the court Sua Sponte." Lyndonville, 211 F.3d at 700.
. There is an independent obligation for a federal court to "determine whether subject matter-jurisdiction exist, even in the absence of a challenge {2020 U.S. LEXIS 8} from any party. "If subject matter jurisdiction is lacking, the action must be dismissed." Lyndon, 211 F.3d at 700-01.

. Here, due to this flagrant fraud committed upon this court. A simple reply by the Government that this claim has no merit will not be sufficient to restore public's trust in this justice system.
. The Government must file, in open court, an affidavit under penalty of perjury; a Grand Jury transcript showing a "True Bill Indictment" was in fact issued; and a certificate of concurrence form. All in compliance with the United States Constitution's Grand Jury Clause. Or this honorable court can examine its own docket/records, and justly resolve this subject matter jurisdiction issue, sua sponte. The public trust that the court will not become the Government's lawyer in an instance where the Government cannot defend themselves against this grand fraud, as is the case on the face of this claim.

## CONCLUSION

. Movant Everson Flowers, respectfully request this honorable Court issue an order for immediate release of Movant's illegal incarceration, to ameliorate this travesty of justice, in order to restore the public's trust in its judicial proceedings.

Respectfully submitted,

6/10/21
DATE

Everson Flowers

CERTIFICATE OF SERVICE

I, Everson Flowers, swear under penalty of perjury that this motion was delivered n a pre-addressed, postage-paid envelope to the prison mailing authorities on the same day as signed. The Petitioner request that a copy a of this motion be forwarded to all interested parties via the CM/ECF docketing system. A true and accurate copy of this motion has also been sent via first class U.S. mail to the the following recipient:

6/10/21
DATE

*/s/ Everson Flowers*
EVERSON FLOWERS



Everson Flowers
04559-104
Federal Correctional Complex Coleman-Low
P.O. Box 1031
Coleman, FL 33521

United States District Court
Southern District of Florida
Office of The Clerk - Room 8N09
400 North Miami Avenue
Miami, FL. 33128-7716

7019 0220 0000 1440 8700

CERTIFIED MAIL